In the Matter of the Application of ISAAC S. DILL, Appellant, for a Writ of Mandamus against CHARLES B. WHEELER et al., Constituting the MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF BUFFALO, Respondents.

CIVIL SERVICE — WHEN MANDAMUS WILL NOT LIE TO CORRECT CLASSIFICATION BY MUNICIPAL CIVIL SERVICE COMMISSION.   While mandamus is the proper remedy to compel a municipal civil service commission to correct an illegal classification of positions in the public service, it will not lie when the determination of the commission does not constitute an abuse of discretion and it cannot be said, therefore, to be illegal.

*Matter of Dill* v. *Wheeler*, 100 App. Div. 155, affirmed.

(Argued March 1, 1906; decided May 1, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 7, 1905, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendants to certify the appointment of the petitioner as battalion chief in the fire department of the city of Buffalo and to reclassify said position.

The facts, so far as material, are stated in the opinion.

*Edward R. O'Malley* and *Willard P. Smith* for appellant.   The court had full power to review the action of the civil service commission in this proceeding.   (*Matter of Keiner,* 148 N. Y. 219; *People ex rel. Sweet* v. *Lyman,* 157 N. Y. 368; *People ex rel. Mesick* v. *Scannell,* 63 App. Div. 246; *Matter of Shaughnessy* v. *Fornes,* 73 App. Div. 462.)

*Louis E. Desbecker,* Corporation Counsel (*Samuel F. Moran* of counsel), for respondents.   The action of the civil service commission in classifying the position of battalion chief is quasi-judicial and cannot be reviewed by mandamus. (*People ex rel. Sims* v. *Collier,* 175 N. Y. 196.)

CULLEN, Ch. J.   The relator was appointed a battalion chief in the fire department of the city of Buffalo on July

11th, 1904. The municipal civil service commission refused to certify to relator's pay because he had not taken a competitive examination and his name not been placed on the eligible list for that position. Thereupon he applied for a writ of mandamus to the civil service commission requiring it to reclassify the position held by him and place the same in the exempt class and to certify to his salary. The application was denied at Special Term, and the order entered thereon was affirmed by the Appellate Division.

While we have held in the case of *People ex rel. Schau* v. *McWilliams* (*ante*, p. 92) that mandamus is the appropriate remedy to correct an illegal or erroneous classification by the civil service commission, the views there expressed, that the position or office of battalion chief in the fire department of Buffalo is one of that character the classification of which rests in the discretion and judgment of the civil service commission and is not properly the subject of review by the courts, dispose of this application.

The order of the Appellate Division must, therefore, be affirmed, but, under the circumstances, without costs to either party in this court.

O'BRIEN, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur; HISCOCK, J., not sitting.

Order affirmed.