PEOPLE ex rel. PEIXOTTO v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—TEACHERS—DISMISSAL—NEGLECT OF DUTY—BOARD OF EDUCATION—JURISDICTION.

Greater New York Charter (Laws 1901, c. 466) § 1093, provides that a district school superintendent may prefer charges before the board of education against a teacher for neglect of duty, and the board shall determine the case and fix any penalty, and that its decision shall be final

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

except as to matters in relation to which, under the general school laws, an appeal may be taken to the State Superintendent of Public Instruction, changed to the State Commissioner of Education by Laws 1904, c. 40, the decision of which appeal is, by Laws 1910, c. 140 (Consol. Laws, c. 16), made conclusive. Greater New York Charter (Laws 1901, c. 466) § 1068, empowers the board of education to adopt by-laws, and section 44, subd. 1, of respondent's by-laws, requires a teacher unable to attend by reason of illness to report the same. *Held*, that the absence of a married woman teacher that she might bear a child might be of such length as to give the board of education jurisdiction to remove her for neglect of duty, though she might not be removed on that ground merely because of absence for that purpose.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 301–304; Dec. Dig. § 141.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—TEACHERS—RIGHT TO POSITION.

A teacher in the New York public schools has no absolute right to her position.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 301–304; Dec. Dig. § 141.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—TEACHERS—REMOVAL—REMEDY BY APPEAL.

Where a teacher in the New York public schools is removed on a charge of neglect of duty and claims that the evidence is insufficient to sustain the charge, her remedy is by appeal to the State Commissioner of Education, as authorized by Education Law (Consol. Laws, c. 16) § 880, which remedy she should exhaust before attempting to compel reinstatement by mandamus.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 301–304; Dec. Dig. § 141.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Bridget C. Peixotto, against the Board of Education of the City of New York, to compel respondent to reinstate relator in the position of teacher in charge of public school No. 14 of the Borough of the Bronx, or to a corresponding position in any other school in the borough, and to pay her all salary due from April 12, 1913, the date on which she was suspended, with interest thereon, computed on each monthly installment as it fell due, and without prejudice to her right to apply for salary from the date of her initial absence, February 3, 1913. From an order (82 Misc. Rep. 684, 144 N. Y. Supp. 87) granting the writ, respondent appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles McIntyre, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Alfred J. Talley, of New York City, for respondent.

LAUGHLIN, J. The relator, for about 18 years prior to the 3d day of February, 1913, was a teacher in the public schools of the city of New York, and on that day she absented herself without leave and remained absent, and was suspended by the district superintendent on the 22d day of April, 1913; and in a communication notifying her of the suspension he stated that he had on that day preferred charges

against her to the defendant "for neglect of duty." On that day he did prefer to the defendant charges against the relator in writing of "neglect of duty," and assigned as a reason for the charges the absence of the relator from duty since February 3, 1913, "for the purpose of bearing a child." On May 8, 1913, the district superintendent again preferred to the defendant charges against the relator in writing of "neglect of duty," stating the specifications of the charges to be "that she has been absent from duty without leave since on or about February 3, 1913." The investigation of the charges was delegated to the committee on elementary schools of the defendant; and on said 8th day of May the chairman of said committee notified the relator in writing of the charges, annexing a copy thereof as made to the defendant on that day by the district superintendent, and further notified her to answer the same before the committee on May 27, 1913, at a place and hour specified. At the time and place specified, the relator appeared before the committee, and the hearing was adjourned to June 10, 1913, at which time she appeared before the committee with counsel, and witnesses were examined under oath. The committee consisted of seven members, and, after the hearing, by a vote of six to one she was found guilty of the charge of "neglect of duty," and the majority report of the committee to the defendant recommended her dismissal. This report was confirmed by the defendant by a vote of twenty-seven to five of its members on the 8th day of October, 1913, which was more than a majority vote of all its members.

It is conceded that the relator took no appeal to the State Commissioner of Education. She made no attempt to review the action of the defendant in dismissing her by a writ of certiorari. She brought this proceeding evidently upon the theory that the defendant was without jurisdiction, on the charges and on the evidence, to remove her.

[1] The relator is a married woman, and her absence from school is accounted for on the theory of illness or incapacity preceding and following the birth of a child on the 7th day of April, 1913. It appears to be broadly contended by her counsel that in no circumstances is the defendant warranted in removing a married woman teacher on account of absence from school through illness incident to bearing a child, no matter how long such illness incapacitates her from performing her duty as a teacher. That is a doctrine to which we cannot subscribe, for, we think that while the defendant is vested with authority to excuse a teacher absent on the ground of illness, it may in some circumstances find that absence for alleged illness constitutes neglect of duty. The statutory provisions authorizing the defendant to remove teachers are contained in section 1093 of the Greater New York Charter, and are as follows:

"A * * * district superintendent may prefer charges to the board of education against a principal, * * * or against a teacher in any of the schools under their charge, for gross misconduct, insubordination, neglect of duty or general inefficiency. * * * The board of education, on receiving notice of such charges, shall immediately proceed to try and determine the case, either in the board or by a committee of its body, and shall fix the penalty or punishment, if any, to be imposed for the offense, and such penalty or punishment shall consist of a fine, suspension for a fixed time without pay,

or dismissal; provided, however, that a vote of a majority of all the members of the board of education shall be necessary to impose the penalty of dismissal. The report of any committee holding such trial shall be subject to final action by the board, which may reject, confirm or modify the conclusion of the committee, and the decision of the board shall be final, except as to matters in relation to which, under the general school laws of the state, an appeal may be taken to the state superintendent of public instruction. * * * "

The office of State Superintendent of Public Instruction was abolished in 1904, and the office of State Commissioner of Education was created in its place. Chapter 40, Laws of 1904. Section 880 of the Education Law (chapter 140, Laws of 1910 [Consol. Laws, c. 16]) authorizes an appeal to the State Commissioner of Education by "any person conceiving himself aggrieved," and provides that such appeal "may be made in consequence of any action: * * * - (7) By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools," and provides that the decision of the Commissioner of Education "in such appeals * *· * shall be final and conclusive, and not subject to question or review in any place or court whatever."

Section 1068 of the Greater New York Charter (Laws 1901, c. 466) confers upon the defendant authority to enact by-laws, among other things, for the proper execution of its duties and powers. Pursuant to this authority the defendant adopted certain by-laws. The by-laws do not seem to provide for a leave of absence in advance for existing or anticipated illness. Subdivision 1 of section 44 of the defendant's by-laws requires a teacher, unable to attend to her duties through illness, to promptly report in writing to the principal the cause and probable duration of her illness. It is conceded in the majority report of the committee, on which she was removed, that:

"Immediately upon her initial absence she sent a communication to the proper authorities, stating that the cause of her absence was some affection of her ears and nose, and accompanied the same with a physician's certificate to that effect."

Subdivision 6 of said by-laws provides for applications "for excuse with pay for absence caused by personal illness," and subdivision 5 provides for applications for excuse for absence with pay, and authorizes such an excuse on the ground, among others, of "serious personal illness." The only provision in the by-laws relating to the time of applying for excuse for absence appears to be in subdivision 7, which provides, among other things, that:

"No excuse for absence with pay shall be granted unless the application be made within thirty days from the termination of such absence. No excuse for absence with pay shall be granted in advance."

Subdivisions 2 and 3 of this section provide for leaves of absence without loss of pay for not more than three days in any school year for the purpose of visiting other schools. Subdivision 4 provides that absence, other than for a purpose prohibited by another subdivision which is not applicable here, "may be excused without pay by the local school boards, on written application, indorsed by the principal and

the district superintendent," and that no such absence shall be excused without the approval of the board of superintendents. Subdivision 11 authorizes the granting of leave of absence without pay for a period not exceeding one year "for purposes of study or restoration of health." There are other provisions for excuse for absence, but it is quite plain that they are not applicable to the case at bar.

It is contended by the learned counsel for the relator that notwithstanding the fact that a charge was preferred against her of neglect of duty, of which the defendant was by express provision of the statute given jurisdiction and authorized to remove her if sustained, still the court may in this proceeding disregard that charge, which has been sustained by the defendant, and look into the report of its committee and discern therefrom that the removal was not on the charge of neglect of duty, but was owing to the fact that she was absent to bear a child. The fallacy of this argument lies in the fact that, even though she could not be removed for giving birth to a child, it is possible that the length of her absence for that purpose might be such as to authorize her removal for neglect of duty, notwithstanding the fact that such neglect could not be predicated merely upon the birth of the child.

[2, 3] We are of opinion that the question with respect to the right of the defendant to remove a teacher for necessary absence owing to such illness is not presented for decision, and it would not be proper to express an opinion on that question at this time, for the relator had a legal remedy under the statute by an appeal to the State Commissioner of Education, who was authorized to reverse the determination of the defendant in dismissing her if in his judgment the facts did not warrant it. Of course, if the charge preferred against the relator, upon which she was removed, was not one on which the defendant was authorized to remove her, then the action of the defendant in removing her would be a nullity, and she might be reinstated by mandamus; but that is not this case. She had no absolute right to hold the position. The Legislature might have provided that teachers might be removed at will without cause assigned, or charges, or a hearing. People ex rel. Miller v. Peck, 73 App. Div. 89, 76 N. Y. Supp. 328. But in order to prevent abuse, for political or other purposes, of unrestrained power, the Legislature saw fit in its wisdom to secure teachers against removal excepting upon charges, among others, of neglect of duty. Having been removed on a charge of neglect of duty, if the relator has any grievance, it is with respect to the sufficiency of the evidence to sustain the charge, and on that question she had her statutory remedy by appeal to the State Commissioner of Education (People ex rel. Walrath v. O'Brien, 112 App. Div. 97, 97 N. Y. Supp. 1115), which she should have exhausted before invoking the aid of the court.

But in so holding we express no opinion on the question as to whether, in the event that her appeal authorized by the statute should be unsuccessful, she could obtain redress by mandamus or other proceeding or action upon the theory that the charge of neglect of duty was colorable merely, and that an examination of the report and evidence would show that she was not removed for neglect of duty. It may be observed, however, that we regard it as exceedingly doubtful whether, in

any view of the evidence, the majority committee report or the action of defendant would warrant a decision that the relator was not removed on the ground of neglect of duty.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.