THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRIDGET
C. PEIXOTTO, Appellant, *v.* THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK, Respondent.

**Mandamus — New York (city of) — when writ will not lie to
review action of board of education of New York city in dis-
missing teacher for absence without leave.**

Mandamus will not lie to review the action of the board of educa-
tion of the city of New York in dismissing a teacher from the pub-
lic schools for absence from duty without leave (City Charter,
§ 1093; By-laws, Board of Education, § 44, subd. 4) when it appears
that it has proceeded within its jurisdiction and in substantial
compliance with the forms of law.

*People ex rel. Peixotto* v. *Bd. of Education,* 160 App. Div. 557,
affirmed.

(Argued April 14, 1914; decided September 29, 1914.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
March 19, 1914, which reversed an order of Special Term
granting a motion for a peremptory writ of mandamus
to compel the defendant to reinstate the relator as a
teacher in the public schools of the city of New York and
denied said motion.

The facts, so far as material, are stated in the opinions.

*Alfred J. Talley* and *Denis R. O'Brien* for appellant.
Mandamus is the proper remedy for the relief herein
sought. (*Matter of Mayor, etc.,* 49 N. Y. 150; *People
ex rel. Miller* v. *Peck,* 73 App. Div. 89; *People ex rel.
Brink* v. *Way,* 92 App. Div. 82; *Garrison* v. *Mayor,
etc.,* 88 U. S. 202; *Matter of P. P. & C. I. R. R. Co.,* 85
N. Y. 489; *Matter of Ryers,* 72 N. Y. 1; *Matter of N. Y.
C. & H. R. R. R. Co.,* 64 N. Y. 60; *Matter of City of
New York,* 156 App. Div. 537; *People ex rel. Coughlin*
v. *Webster,* 98 App. Div. 581; *People ex rel. Graveline*

v. *Ham*, 59 App. Div. 314.) If relator was dismissed for being absent while ill, that is not absence such as warrants dismissal. (*Matter of Elder* v. *Bingham*, 118 App. Div. 25; 189 N. Y. 509; *People ex rel. Mitchell* v. *Martin*, 143 N. Y. 407; *People ex rel. Nugent* v. *Police Commissioners*, 114 N. Y. 245; *People ex rel. Padian* v. *McAdoo*, 100 App. Div. 516; *People ex rel. Lenahan* v. *Griffenhagen*, 146 App. Div. 874; *People* v. *Bartlett*, 3 Hill, 570.) Dismissal of relator for child-bearing is against good morals and contrary to sound public policy. (*Murphy* v. *Bd. of Education*, 177 N. Y. 494.)

*Frank L. Polk*, *Corporation Counsel* (*Charles McIntyre* and *Terence Farley* of counsel), for respondent. The courts have no jurisdiction to review the relator's dismissal. The state commissioner of education is the only officer who may do so. (L. 1901, ch. 466; L. 1910, ch. 140; *People ex rel. Walrath* v. *O'Brien*, 112 App. Div. 97; *People ex rel. Everitt* v. *Hubbell*, 38 App. Div. 194; *People ex rel. Keyser* v. *Board of Education*, 32 Misc. Rep. 63; *People ex rel. Miller* v. *Peck*, 73 App. Div. 89; *People ex rel. Underhill* v. *Skinner*, 74 App. Div. 58; *People ex rel. Yale* v. *Echler*, 19 Hun, 609; *Matter of O'Neil*, 71 Misc. Rep. 469; *Ex parte Bennett*, 3 Den. 175; *Hutchinson* v. *Skinner*, 21 Misc. Rep. 729.) The charge of neglect of duty was fully sustained. (*People ex rel. Downes* v. *Green*, 96 App. Div. 1; 181 N. Y. 550; *People ex rel. Eagan* v. *York*, 53 App. Div. 336; *People ex rel. McAleer* v. *French*, 119 N. Y. 502; *People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44; *Keech* v. *Thompson*, 94 N. Y. 451; *People ex rel. Callahan* v. *Bd. of Education*, 174 N. Y. 169; *People ex rel. Miller* v. *Peck*, 73 App. Div. 90.)

CUDDEBACK, J. The proceeding of the board of education involved simply a matter of school discipline, and it is not subject to review by mandamus.

Section 1093 of the New York charter provides that a district superintendent may prefer charges to the board of education against a teacher in the public schools for gross misconduct, insubordination, neglect of duty, or general inefficiency.  The board of education on receiving such charges may try the case or refer it to a committee.  But the penalty of dismissal can be imposed only on a majority vote of all the members of the board.  The law also provides that the decision of the board of education may be reviewed on an appeal by the state commissioner of education.

On April 22, 1913, one of the district superintendents preferred charges against the relator for "neglect of duty," and specified as the ground of the charges absence "from duty since February 3, 1913, for the purpose of bearing a child."  On May 8 following the district superintendent preferred new charges against the relator, specifying as the ground thereof absence "from duty without leave since on or about February 3, 1913," omitting the last words in the previous specifications.  These second charges are mentioned, but they are of no real importance in the case.  The omitted words simply anticipated what the relator's excuse would be.

The relator was tried before the committee on elementary schools, and the facts developed as stated in the charge of April 22.  The relator was found guilty of neglect of duty with a recommendation that she be dismissed from service.  The recommendation of the committee was adopted by a majority vote of the board of education and the relator was accordingly dismissed.  She did not appeal to the commissioner of education but brought this proceeding.

The argument of the relator's counsel is that absence from duty for the reason specified in the charge is not neglect of duty under section 1093 and, hence, that the action of the board of education in dismissing her was illegal and unwarranted in law.

30

It is true, of course, that the relator was absent from her school without leave for the period mentioned— nearly three months. That was the gravamen of the charge against her, and brought her case within the jurisdiction of the board of education.

The legislature could have provided that the relator might be dismissed for no cause whatever. She had no vested right in the position of teacher. Section 1093 of the city charter has made neglect of duty ground for dismissal without any qualifying words. Absence on account of serious illness or for any other reason, high or low, leaves the duties of the position unperformed, and, therefore, neglected by the absentee. The statute has lodged with the board of education the power of deciding cases that thus fall within section 1093, and the board is required to pass upon the excuses offered in any case of absence. In the proceeding under review the board of education discharged its duties fairly and the courts cannot by mandamus reverse the conclusion reached.

The general rule is that mandamus will not lie to review the determination of public boards or officers in matters involving the exercise of discretion or judgment, if they have proceeded within their jurisdiction, and in substantial compliance with the forms of law. (*People ex rel. Empire City T. Club, etc.,* v. *State Racing Com.,* 190 N. Y. 31; *Matter of Dill,* 185 N. Y. 106; *People ex rel. Dietz* v. *Easton,* 13 Abb. Pr. [N. S.] 159; *People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44, 49.)

The relator also argues that the by-laws of the board of education contain no rule which she has violated. If a rule is necessary at all, it may be found in subdivision 4, section 44 of the by-laws, made by the board of education. That subdivision says: "Teachers' absences from duty * * * may be excused without pay by the local school boards on written application indorsed by the principal and the district superintendent. No such absences, however, shall be excused without approval of

PEOPLE EX REL. PEIXOTTO *v.* BD. OF EDUCATION. **467**

1914.]    Dis. opinion, per WILLARD BARTLETT, Ch. J.    [212 N. Y.]

the board of superintendents." The relator might have been dismissed under that subdivision. Her dismissal can also be sustained under section 1093 of the charter.

The relator made no attempt to comply with any rule of the schools. Apparently, all she did was to inform the board of education that she was suffering from some affection of the ears and nose, and that she was going to Lakewood, New Jersey.

The order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J. (dissenting). The learned judge who wrote for the Appellate Division in this proceeding makes the following concession: "Of course, if the *charge* preferred against the relator, upon which she was removed, was not one on which the defendant was authorized to remove her, then the action of the defendant in removing her would be a nullity, and she might be reinstated by mandamus; but that is not this case."

Whether that is this case or not depends entirely upon what is meant by the *charge*. I think it means the general accusation against the teacher as qualified and interpreted by the specification. Here the charge is not merely *neglect of duty*, but it was *neglect of duty consisting of absence for the purpose of bearing a child*. This is the offense for which the relator has been deprived of her position on the teaching staff of the city's school system and of her share in the teachers' pension fund. In my opinion the board of education was without power or jurisdiction to remove her on this ground. Under the established rules of the board mere absence in and of itself does not necessarily import neglect of duty. The absence of a teacher is thereby expressly declared to be excusable, without any deprivation of pay, in case of serious personal illness, and leave of absence without pay may be granted for a period not exceeding one year for

the purpose of study or restoration to health. In every case of absence without leave previously granted it is obviously necessary. to ascertain the cause of absence before it can be deemed to constitute undutiful negligence warranting dismissal; and it is a question of law whether or not the cause assigned imports neglect of duty. If it does, the board of education may remove the teacher; if it does not, no power of removal exists.

Married women have been employed as teachers in our public schools for so many years that their employment in this capacity must be deemed to have the approval of the legislature. Certainly if it had been disapproved we should have found some evidence to that effect on the statute book. Maternity, requiring occasional absences at periods of childbirth, is a natural consequence of the employment of potential mothers as teachers. If the legislature had regarded this consequence as detrimental to the welfare of the schools, it would certainly have guarded against it by a prohibitory enactment. We find no such prohibition in the law or in any duly authorized rule or regulation of the board of education adopted pursuant to law. It is true that the board has virtually endeavored to establish such a rule by its action in the present case, but I think it had no authority so to do. The reasons for and against the employment of young mothers as public-school teachers, set out in this record in the majority and minority reports of the committee on elementary schools of the board of education, are appropriate for the consideration of the law-making power, but do not concern the courts. The question which we are called upon to decide in this proceeding is whether the specific accusation upon which the relator has been dismissed from her position, to wit, " absence for the purpose of bearing a child," constitutes neglect of duty within the meaning of section 1093 of the Greater New York charter. I agree with the learned judge who heard the case at Special Term (Mr. Justice SEABURY) that it

does not. I, therefore, dissent from the proposed affirmance of the order of the Appellate Division which reversed his decision.

HOGAN, J. (dissenting). I concur with the opinion of Chief Judge BARTLETT, but in addition to the views expressed by him I dissent from the prevailing opinion herein upon further grounds, and in order that the same may be explicitly stated I desire to refer to certain facts in the case.

For a period upward of eighteen years, prior to the 22d day of April, 1913, relator was a teacher in the public schools of the city of New York, and as such teacher since the institution of the pension fund contributed her *pro rata* share to that fund. During the year 1913, and prior thereto, she was a teacher in charge of one of the schools. By reason of her dismissal she has been deprived of her position as a teacher, together with her right to the salary attached to the same and to the property right which she had or might have in the pension fund.

Asserting her removal was unlawful, she secured a peremptory writ of mandamus requiring her reinstatement, and from the order of the Appellate Division, reversing the order of the Special Term, she has appealed to this court.

In view of her property rights and the general principles that prevail, in my opinion, no question can be raised as to the power of this court to dispose of the question presented.

The relator was a married woman. On February 3d, 1913, she absented herself from school and immediately pursuant to the by-laws of the board of education sent a communication to the proper authorities stating that the cause of her absence was an affection of her ears and nose, and accompanied such communication with a physician's certificate. This fact appears in the report of the committee which was approved by the board of edu-

cation, as well as the further fact that by advice of her physician she went to Lakewood, New Jersey, occasionally returning to New York to consult him. On April 7th, 1913, she gave birth to a child; thereafter, and on April 22d, 1913, while she was still in the hospital and in the ordinary course of events had not recovered from the illness incident to childbirth, the district superintendent by instructions of the city superintendent of schools preferred charges of "neglect of duty" against her and suspended her as a teacher. The specifications attached to the notice of suspension read as follows:

"The reason for this action is the continuance of the absence of Mrs. Peixotto from duty since February 3rd, 1913, for the purpose of bearing a child."

A hearing upon the charges preferred against the relator occurred before the committee upon elementary schools. Majority and minority reports were made by the committee.

The majority report of the committee found relator guilty of the charge of "neglect of duty" and recommended her dismissal. The report having been approved by the board of education relator was dismissed from her position.

The report of the committee, so approved by the board of education, referred to the testimony taken upon the hearing before the committee, but the same was not made a part of the return by the defendant. In the absence of such evidence we are not advised whether or not such illness of relator or enforced absence by reason thereof continued down to the time of her removal, or whether or not the same was merely temporary. We cannot indulge in presumptions on this subject. If her illness was merely acute and her enforced absence of short duration the defendant should have returned the evidence taken before the committee. Likewise, if the alleged affection of the relator was merely a pretense for her

absence, evidence disclosing that fact should have been returned. The truthfulness of the statement made by relator and her physician as to her illness and absence commencing February 3d stands unchallenged and must on the record before us be considered as true, and yet relator has been convicted of "neglect of duty" by reason of her absence since February 3d, 1913, caused, as stated by herself and physician, by an affection of the nose and ears, which illness was a legitimate cause for such absence.

Notwithstanding this fact, and the absence of evidence to contradict it in the record, she has been removed upon the charge of "neglect of duty" by reason of absence "for the purpose of bearing a child."

As stated by Chief Judge BARTLETT the board of education was without power or jurisdiction to remove relator. (*People ex rel. Murphy* v. *Maxwell,* 177 N. Y. 494.)

I, therefore, vote for reversal.

WERNER, CHASE and COLLIN, JJ., concur with CUDDE-BACK, J.; HISCOCK, J., concurs in result on the ground that the relator's right to relief, if any, was through an appeal in the first instance at least to the president of the university and commissioner of education; WILLARD BARTLETT, Ch. J., and HOGAN, J., read dissenting opinions.

Order affirmed.