Matter of the Application of MARY S. McDOWELL for a Writ of Mandamus *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

(Supreme Court, New York Special Term, October, 1918.)

Mandamus — when application for writ of, denied — schools — jurisdiction of board of education — constitutional law — Laws 1917, chap. 786, § 872.

Where a Quakeress, a teacher in one of the schools under the control of the board of education, in answer to questions upon a hearing before the board of superintendents as to her views upon the present war and the attitude she would take and was taking in regard to her duties as a teacher in relation to the war, stated that she would not uphold this country in forcibly resisting invasion; did not want to help the government of the United States in carrying on the war; would not urge her pupils to support the war; would not urge them to perform Red Cross services; would not urge her pupils to buy thrift stamps; did not believe a teacher was under a special obligation to train her pupils to support the government in its measures for carrying on the war and was opposed to the present war against Germany, a finding of the board of education upon dismissing her from service that she was both incompetent and inefficient as a teacher within the meaning of section 872 of chapter 786 of the Laws of 1917 will not be disturbed.

The petitioner not having been dismissed because she is a Quakeress but simply because of her views and belief which she declares are based upon her religion, a contention that her dismissal was in violation of the federal and state Constitutions in that she was discriminated against on account of her religion and that there was an attempted restraint upon the observance of the Quaker faith is untenable.

The board of education having jurisdiction to entertain the charges against the petitioner, its decision thereon after trial was an exercise of discretion and the only remedy of the petitioner is an appeal to the commissioner of education. Her

Misc.] . Supreme Court, October, 1918.

application therefore for a writ of mandamus to compel her reinstatement to the position from which she was removed must be denied.

APPLICATION for a writ of mandamus.

John P. Broomell (Austen G. Fox, of counsel), for petitioner.

William P. Burr, corporation counsel (Charles McIntyre, of counsel), for respondent.

PHILBIN, J. Application is made for a writ of mandamus directing the reinstatement of the petitioner as an assistant teacher of Latin in one of the high schools under the control of the board of education, from which position she was dismissed on June 19, 1918. The dismissal occurred after a trial upon which petitioner was found guilty of the charges hereinafter mentioned. The statute under which the removal was made provides, in brief, that a teacher shall hold her position " during good behavior and efficient and competent service, and shall not be removable except for cause after a hearing by the affirmative vote of a majority of the board." Laws of 1917, chap. 786, § 872.

On January 10, 1918, the petitioner was required to appear before the board of superintendents and was then and there interrogated by them as to her views upon the present war and the attitude she would take and was taking with regard to her duties as a teacher in relation to the war. The petitioner is a Quakeress and opposed to all war, offensive and defensive. Her answers to the questions propounded to her may be summarized as follows: She would not uphold this country in forcibly resisting invasion; she did not want to help the government of the United States in carry-

ing on the present war; she would not urge her pupils to support the war; she would not urge them to perform Red Cross services which better the condition of the soldiers in the field; she would not urge her pupils to buy thrift stamps; she does not believe a teacher is under a special obligation to train her pupils to support the government of the United States in its measures for carrying on the war, and she is opposed to the present war against the German government.

As a result of the foregoing expressions of belief and declarations of policy and intention, the district superintendent assigned to high schools, on March 12, 1918, suspended the petitioner without pay from further service as a teacher and at the same time notified her that he had preferred charges against her of conduct unbecoming a teacher. He also informed her that a copy of the charges would be served with a notice to appear for trial. On April 24, 1918, the secretary of the board of education formally notified the petitioner that she was charged with conduct unbecoming a teacher and a copy of the charges and specifications was annexed to the notice, which also informed the petitioner of the time and place of trial. The charges and specifications are expressly based on the answers given to the questions put by the members of the board of superintendents on January 10, 1918. A stenographic report of the meeting was taken and a copy of the questions and answers is made part of the petition to this court and there is no dispute as to what occurred. The charge, as above indicated, is of conduct unbecoming a teacher; the specifications set forth the making of the answers enumerated above.

It is claimed that the board of education was without jurisdiction to dismiss the petitioner as no legal ground for removal was advanced. She calls attention to the fact that teachers hold their positions during

good behavior and efficient and competent service and that, therefore, a teacher must be guilty of misbehavior, of inefficiency, or of incompetency before she can be removed. The petitioner urges that she was not charged with either incompetency or inefficiency and that if her dismissal can be sustained at all it must be sustained because of misbehavior — conduct unbecoming a teacher — which she says was the specific ground on which she was tried. The petitioner asserts that she was not guilty of any misbehavior or misconduct within the meaning of the statute. She says that her offense, if any, was to disclose the state of her mind, her beliefs, and that there is no element of behavior or conduct in a mere belief. She claims the board of education should not have condemned her until her beliefs had been translated into action in the class room. This contention is unsound. While it is true that the offense of the petitioner was for the sake of brevity characterized in a certain manner — as conduct unbecoming a teacher — we must look to the specifications themselves in order to find the offense charged. The seven items of the specifications leave no doubt whatever that the petitioner was charged with entertaining certain beliefs and declaring certain intentions that may very well be regarded as clearly showing her to be both incompetent and inefficient as a teacher within the meaning of section 872, *supra.* The substance of the finding of the board of education is that the petitioner is unfit to remain a teacher in our public schools, and this court will not under the circumstances undertake to say that the board is in error. The contention that the petitioner, in spite of her views, may still be able to do her full duty as a teacher in the class room cannot be upheld. The grounds of removal contemplated by the statute may in a given instance be wholly unrelated to the discharge of the

scholastic duties, and a teacher may be both incompetent and inefficient even though her class shows most gratifying results in the ordinary subjects of the curriculum. It is of the utmost importance to the state that the association of teacher and pupil should tend to inculcate in the latter principles of justice and patriotism and a respect for our laws. This end can not be accomplished if the pupil finds his teacher unwilling to submit to constituted authority.

It is further urged that in dismissing the petitioner upon the grounds assigned there was a violation of the federal and state Constitutions in that she was discriminated against on account of her religion and that there was an attempted restraint upon the observance of the Quaker faith. Such is not the case. The petitioner was not dismissed because she is a Quakeress. It has simply been found that certain views and beliefs, which she declares are based upon her religion, prevent her from properly discharging the duty she assumed. Where a person agrees with the state to perform a public duty she will not be excused from performance according to law merely because her religion forbids her doing so. While the petitioner may be entitled to the greatest respect for her adherence to her faith, she cannot be permitted because of it to act in a manner inconsistent with the peace and safety of the state.

The board of education had jurisdiction to entertain the charges against the petitioner and its decision was an exercise of the discretion vested in it. The only remedy, therefore, of the petitioner was to appeal to the commissioner of education. *People ex rel. Peixotto* v. *Board of Education,* 160 App. Div. 557; affd., 212 N. Y. 463; *People ex rel. Merrall* v. *Cooley,* 75 Misc. Rep. 188, 191. Any person conceiving himself aggrieved may appeal or petition to the commissioner

of education, who is authorized and required to examine and decide the same. The commissioner may also institute such proceedings as are authorized under the education act and his decision is final and conclusive and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence, among other things, of any " official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools." Education Law, § 890. The commissioner is not bound to rely upon the testimony taken by the officer or body, but may direct the district superintendent of the district where the controversy arose to take and report to him the testimony in any case on appeal. The superintendent may subpoena witnesses upon such inquiry. Id. § 395. The state has always regarded the maintenance of an effective education system as of the highest importance to its well being, and has insisted upon exercising a supervision over the training of its children. The plan of having such appeals referred to the commissioner was advisedly and wisely adopted. By that means it was assured that all questions relating to the schools, of which the qualification of a teacher is not the least important, could be submitted to one whose experience is daily broadened in the administration of his duties as commissioner of education and whose power fully to investigate the circumstances is unrestricted. *People ex rel. Board of Education* v. *Finley,* 211 N. Y. 51.

The petitioner may possibly, in seeking relief in this court by writ of mandamus, have so delayed her application to the commissioner of education that he will decline to entertain it. Whether he will so decline is uncertain. He may for good cause shown waive the

ordinary requirement of appeal within thirty days. Rule 5 of the Rules of Practice on Appeals. Whether he does so or not, this court must hold that the board of education had jurisdiction to try the petitioner and must, therefore, refuse to pass upon the merits of the petitioner's removal. Petition for writ denied.

Application denied.