FERN BRONSON, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF BINGHAMTON, Defendant.

Supreme Court, Broome County, January 7, 1930.

*Lynn N. Peterson,* for the plaintiff.

*Edwin H. Moody [Herbert H. Ray* of counsel], for the defendant.

PERSONIUS, J. The defendant moves upon the complaint and affidavits for an order dismissing the complaint on the ground (1) that the court has not jurisdiction of the subject-matter, and (2) that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff makes a counter-motion for an order granting judgment by default on the ground that the defendant's motion was not made within twenty days from the service of the summons and complaint, and that no answer has been served.

Disposing first of the plaintiff's motion — the twenty days expired December fifth, defendant's notice of motion was received " on the 6th day of December, 1929," but it was served by mail on December fifth. Plaintiff on the argument conceded that it was served by mail. Therefore, the motion was made in time and there was no default.

It appears from the complaint and affidavits that the plaintiff was employed by the defendant as a teacher under permanent appointment. In August, 1928, her contract was renewed for the school year 1928–1929. Under section 872 (3) of the Education Law (added by Laws of 1917, chap. 786), she was entitled to hold her position " during good behavior and efficient and competent service " and could not be removed " except for cause after a hearing by the affirmative vote of a majority of the board." Section 565 of the Education Law provides: " No teacher shall be removed * * * unless for neglect of duty, incapacity to teach, immoral conduct, or other reason which, when appealed to the Commissioner of Education, shall be held by him sufficient cause for such dismissal."

Plaintiff was suspended in September. On November eighth charges were preferred against her. She was served with a copy of the complaint and a notice of a hearing thereon, which advised her

that she was entitled to appear, answer and give evidence in her defense.

The plaintiff appeared in person and by attorney and interposed an answer. The answer for a " separate defense " also alleged exculpating circumstances. The plaintiff offered evidence of her " separate defense." The board, on advice of counsel, ruled that such evidence was immaterial and irrelevant, and on November twenty-eighth, by resolution, sustained the charges and removed the plaintiff from her position as teacher. However, the resolution in part read: " Resolved, that this action of the Board of Education does not imply that the said Fern Bronson has been guilty of immoral conduct, and is not based upon such assumption." The plaintiff did not appeal from this decision of the board.

Section 890 of the Education Law* provides: "Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; * * * and his decision in such appeals * * * shall be final and conclusive, and not subject to question or review in any place or court whatever."

The section enumerates what may be so appealed and includes any action " by any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools."

The plaintiff claims she had an election (1) to take such appeal, or (2) to sue in this court for her wages. The defendant says the plaintiff can only question the determination of the defendant by an appeal to the Commissioner of Education.

The complaint alleges plaintiff's employment and her discharge " wrongfully and without just cause," but it also alleges " that on or about the 26th of November, 1928, at a special meeting of the defendant herein " the defendant " did remove the plaintiff from her position as a teacher * * * ."

It, therefore, appears from the complaint that the plaintiff was discharged by an " official act or decision " of the " school authorities " and that such decision or act pertained to " common schools." It follows, therefore, that the decision of the defendant alleged in the complaint was a decision which could have been appealed to the Commissioner of Education (Education Law, § 890), and that the Commissioner was required to decide the appeal and that his decision under the provisions of said section would be final and conclusive and not subject to question in any court.

The defendant, therefore, argues that the complaint does not state a cause of action. If the complaint does not on its face show

---

* Originally § 880, renumbered by Laws of 1918, chap. 252, § 6.— [Rep.

a cause of action, the defendant may maintain this motion under rule 106. Under that rule, however, only the complaint can be considered.

Both parties have submitted affidavits; these may be considered under rule 107 to show " that the court has not jurisdiction of the subject of the action."

We think the defendant's motion should be granted.

In *People ex rel. Peixotto* v. *Board of Education* (160 App. Div. 557, 561; affd., 212 N. Y. 463) a *discharged teacher took no appeal* to the Commissioner of Education but sought reinstatement by mandamus. The Appellate Division refused mandamus, saying: " The relator had a legal remedy under the statute by an appeal to the State Commissioner of Education. * * * Having been removed on a charge of neglect of duty, if the relator has any grievance, it is with respect to the sufficiency of the evidence to sustain the charge, and on that question she had her statutory remedy by appeal to the State Commissioner of Education * * * which she should have exhausted before invoking the aid of the court."

In *Matter of McDowell* v. *Board of Education* (104 Misc. 564) a teacher had been dismissed by the board of education and she sought reinstatement by mandamus. The court " refused to pass upon the merits of the petitioner's removal " and denied the application, saying (p. 568): " The board of education had jurisdiction to entertain the charges against the petitioner and its decision was an exercise of the discretion vested in it. The *only remedy*, therefore, of the petitioner was to appeal to the Commissioner of Education."

While this was a petition for mandamus and not an action, the same principles apply. If the only remedy of the dismissed teacher was to appeal to the Commissioner of Education, she cannot maintain this action. (See, also, *Lewis* v. *Smith*, 109 Misc. 694; affd., 190 App. Div. 884; *Levitch* v. *Board of Education*, 212 id. 598.)

In *Matter of O'Connor* v. *Emerson* (196 App. Div. 807; affd., 232 N. Y. 561) the court said (p. 810): " The authority and jurisdiction of the Commissioner of Education are exclusive in all matters relating to the supervision and control of the public school system, the discipline of the schools and the management of the school property and the authority and discretionary acts on the part of officers or agencies of education."

In *Bullock* v. *Cooley* (225 N. Y. 566, at p. 578) it is said: " The determination of the Commissioner of Education upon the appeal involved matters of school administration and policy not without his jurisdiction and his decision is not subject to review by the courts so far as it pertained to school administration and policy, and but incidentally, if at all, affects property rights."

The Education Law charges the Education Department with the supervision of all public schools, makes the Commissioner the chief executive officer of the school system, and gives him " judicial functions."

" The purpose of the statute * * * is to make all matters pertaining to the general school system of the State within the authority and control of the Department of Education and *to remove the same so far as practicable and possible from controversies in the courts.*" (*Bullock* v. *Cooley, supra,* 576.)

It has been held (as in *Matter of Levitch* v. *Board,* 216 App. Div. 391) that where the construction or interpretation of a statute was involved, the Supreme Court would take jurisdiction, but on appeal from that case the Court of Appeals said: " The fact that the question may have involved the construction or application of a statute did not deprive him [Commissioner of Education] of jurisdiction." (*Levitch* v. *Board of Education,* 243 N. Y. 373, 375.)

In numerous cases the courts have refused to review decisions of boards of education by certiorari and refused a writ of prohibition against an appeal. (*People ex rel. Everitt* v. *Hubbell,* 38 App. Div. 194; *People ex rel. Walrath* v. *O'Brien,* 112 id. 97; *People ex rel. Wood* v. *Graves,* 225 id. 176; *People ex rel. Board of Education* v. *Finley,* 211 N. Y. 51.)

The limitations upon the authority of the Commissioner, pointed out by *People ex rel. Hylan* v. *Finegan* (227 N. Y. 219), do not include this case.

The plaintiff cites Cyc and numerous cases to the effect that a teacher who had been wrongfully dismissed may recover damages in an action at law, but the context in Cyc shows that the action of a school board, not appealed from, is not subject to review by the courts.

In some of the cases cited by plaintiff a teacher had appealed and been sustained. In others there had been no trial or decision from which an appeal could be taken, and in none of them was the question now before us considered. (*Steinson* v. *Board of Education,* 165 N. Y. 431; *Stetson* v. *Board of Education,* 218 id. 301; *Shaul* v. *Board of Education,* 108 App. Div. 19; *People ex rel. Callahan* v. *Board of Education,* 174 N. Y. 169; *Bogert* v. *Board of Education,* 106 App. Div. 56.)

In *Nichols* v. *Scanlon* (196 N. Y. Supp. 1) Judge CROSBY distinguished *Lewis* v. *Smith* (*supra*) and held that he was construing, and in no way reviewing, the action of the school board.

Plaintiff also urges that her constitutional right to a trial has been abridged, and that she was not permitted to introduce evidence of her innocence. The constitutionality of the section of the

Education Law involved has been affirmed and the question of the admissibility of evidence, as well as the question as to whether the evidence produced established grounds for dismissal, are the questions which should have been raised upon appeal to the Commissioner of Education.

The statute will not be declared unconstitutional because some officer or body has acted in defiance of it; the remedy, therefore, is by appeal. (*People ex rel. Berger* v. *Warden*, 176 App. Div. 602.)

We, therefore, conclude that as to all matters appealable to the Commissioner of Education under section 890 of the Education Law, he has exclusive jurisdiction; such conclusion is supported by the authorities and by the obvious purpose of the Education Law.

The complaint alleges a contract to hire the plaintiff, a tender of services by her, and a failure to pay, but it alleges the dismissal of the plaintiff — the termination of the contract — by the defendant board. The board had statutory authority to take this action. No reversal of or appeal from its action is alleged. It does not, therefore, state a cause of action. True, the complaint alleges that her removal by the board was " wrongful and without just cause," but when the plaintiff seeks to review the board's action, this court lacks jurisdiction.

The motion to dismiss the complaint is granted, with ten dollars costs.

Submit order accordingly.