In the Matter of the Application of MARK D. WILLIAMS, Petitioner, for an Order of Mandamus against BERNE A. PYRKE, Commissioner of Agriculture and Markets, Respondent.

Supreme Court, Niagara County, May 12, 1931.

*William A. Fox* [*Frederick F. Grotz* on the brief], for the petitioner.

*Henry S. Manley, Counsel, Department of Agriculture and Markets,* for the respondent.

HINKLEY, J. The petitioner alleges that he was illegally removed from office as veterinary inspector in the State Department of Agriculture and Markets. The petitioner alleges specifically that no proper or legal charges were ever filed against him nor was he ever given the proper opportunity to answer any legal or proper charges; that he was never granted a hearing nor given an opportunity to answer, in violation of his rights as a classified competitive civil service employee, all in violation of the Civil Service Law of the State of New York; that he was removed in a wrongful and illegal manner and without legal warrant or authority.

The respondent filed an affidavit of his assistant denying the allegations above set forth. Affiant further stated that on July 19, 1928, he wrote petitioner concerning past complaints and requested his resignation. On December 14, 1928, petitioner, in writing, refused to resign. On December 15, 1928, affiant notified petitioner of certain charges against him; that it was proposed to remove petitioner upon those charges and allowing him ten days to answer; that on December 26, 1928, petitioner denied the charges in general terms, and on January 2, 1929, respondent Commissioner signed an order of removal of the petitioner; that copies of the charges and answer were entered in the records of the Department of Agriculture and Markets and a copy filed with the Civil Service Commission, and that a copy of the removal notice was mailed to petitioner.

Upon these affidavits the court is called upon to determine whether an order of mandamus shall be denied, or, if allowed, whether an alternative order of mandamus shall be granted.

" The general rule is that mandamus will not lie to review the determination of public boards or officers in matters involving the exercise of discretion or judgment, if they have proceeded within their jurisdiction and in substantial compliance with the forms of law." (*People ex rel. Peixotto* v. *Board of Education,* 212 N. Y. 466.)

The Legislature, by the enactment of section 22 of the Civil Service Law, did not change that general rule when it enacted that mandamus would lie for a failure to conform to the statute.

For many years that section has provided and still provides as follows: " Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled

to a writ of mandamus to remedy the wrong." (Laws of 1910, chap. 264; Laws of 1920, chap. 833; Laws of 1924, chap. 612.)

The last amendment, chapter 214 of the Laws of 1930, did not eliminate the sentence last quoted, even though it has been omitted in the supplements to various Consolidated Laws.

That portion of section 22 of the Civil Service Law designated as subdivision 2, and especially applicable to classified competitive civil service officers and employees, simply prescribes the method of their removal. It does not grant to them the right to a hearing nor any right of certiorari or review.

"Subdivision 2. Removals generally. No regular clerk or head of a bureau or other officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for reasons stated in writing, and the person whose removal is sought shall have notice of such proposed removal, and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing. In case of a removal, such statement of reasons for the removal, copy of charges preferred and answer thereto shall be forthwith entered upon the records of the department or office in which he has been employed, and a copy filed with the state civil service commission, or if the person is in the service of a city with the municipal civil service commission of such city. Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the civil service law."

Taking the section in its entirety, the only relief afforded a discharged or removed employee or officer in the classified competitive civil service is by mandamus and then only in the event that the prescribed method or form of procedure for the removal has not been followed.

Judicial precedent has weakened the general rule set forth in *People ex rel. Peixotto* v. *Board of Education* (*supra*) and supplied the relief to classified competitive officers and employees which the Legislature failed to provide.

The first weakening of the general rule as applied to the civil service came in *People ex rel. Somerville* v. *Williams* (217 N. Y. 40). There the court held that mandamus would lie; that it was the proper remedy and an alternative writ must issue in the event that petitioner, a civil service employee, alleged that he had been removed from office for political reasons.

Prior to the enunciation of the general rule in *People ex rel. Peixotto* v. *Board of Education* (*supra*), there had been a clear

exception well founded in the law. Mandamus will lie unless the causes assigned are substantial and not shadowy. And in order to determine that question the court will analyze the specific charges as set forth in the opposing affidavits of the respondent. (*Matter of Griffin* v. *Thompson*, 202 N. Y. 104.)

The Appellate Division, First Department, in *Matter of Whaley* v. *Perkins* (231 App. Div. 502), has emasculated the general rule above quoted. In that case the court, in its opinion, quoted with approval and enunciated the principle that mandamus will lie in every case where the petition, which must be taken as true, alleges facts showing arbitrary and unjustifiable action upon the part of respondent.

In the final analysis, the exact method, if one exists, of determining whether an official was improperly removed upon shadowy, fancied charges or for political reasons, is by testimony in court and not by affidavits. It is not a far cry to fear lest the morale of public office suffer by this substitution of the judgment of a trial judge or the verdict of a jury for the determination of an employer upon the question of the employee's insubordination.

The court does not feel that petitioner herein has been so lax as to have forfeited his right to mandamus. There is no reason for a change of venue in the light of this decision which gives to petitioner the right to try out the merits of his removal.

The authorities above quoted require that an alternative order of mandamus issue in this case.