THOMAS H. HUGHES, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department. November 27, 1936.

*A. Spencer Feld,* for the appellant.

*Ralph W. Thomas* of counsel [*Cyrus C. Perry* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondents.

DORE, J.   Plaintiff appeals from an order denying his motion for a temporary injunction in an action for a permanent injunction and a declaratory judgment.

The essential facts are undisputed.   Plaintiff, who since September, 1923, has been permanent principal of a day high school in the city of New York, was in June, 1925, also appointed principal of an New York evening high school in the borough of Manhattan.   He continued to serve from 1925 to 1936 as principal of such evening high school throughout the entire term in each such year until the board of education on June 10, 1936, adopted a policy that supervisors, teachers and other employees in the evening schools did not have permanent tenure and that in making appointments to evening schools for the term beginning September, 1936, and thereafter, persons should not be appointed to supervisory or teaching positions in such evening schools who also held positions as principals of day schools.

It is conceded that between 1921 and 1933 the defendant gave permanent appointments to night school teachers in the city of New York; and on the record before this court, supplemented by the documents which pursuant to stipulation made in open court were added to the record, it is undisputed that in or about June, 1925, the board of education recommended this plaintiff as principal of the New York Evening High School for Men for a probationary

period of service of three years, and that at a meeting in November, 1928, the said board adopted a resolution that certain appointments, including plaintiff's, made pursuant to a resolution of the board of superintendents, be made permanent. The following is an exact, so far as relevant, from the minutes of the board of education, submitted pursuant to said stipulation:

"85. Evening School Appointments Made Permanent.— From the Board of Superintendents, dated November 9, 1928, submitting the following resolution, adopted November 2d:

" ' Resolved, That, in accordance with Section 872 of Chapter 786 of the Laws of 1917, the Board of Superintendents hereby certifies that the following-named members of the Evening School teaching and supervising staff have rendered satisfactory service during their probationary terms of appointment, and recommends that their Evening School appointments be made permanent: * * *

| " ' Evening School | Name | Rank | Subject | Date of expiration of probationary appointment |
|---|---|---|---|---|
| * | * | * | * | * |
| " ' New York High | Thomas H. Hughes | Principal | | September 10, 1928 ' |

" It was moved and adopted that the appointments be made permanent, as recommended by the Board of Superintendents."

Plaintiff contends that he has acquired permanent tenure in his position as principal of the New York Evening High School and that the resolution of June 10, 1936, and the appointment of other persons in his place is unlawful and deprives plaintiff of his permanent tenure without due process of law and contrary to sections 868 and 872 of the Education Law. The complaint alleges and the answer admits that in all the positions occupied by plaintiff as a member of the teaching and supervising staff he has performed his duties to the satisfaction of his supervisors and superiors and has established his continued merit and fitness as a member of the teaching and supervising staff of the board of education of the city of New York.

The answer denies that plaintiff and others similarly situated are entitled to permanent tenure as principals of evening high schools, and that the threatened removal is contrary to the provisions of the Education Law. Defendant contends that night high school teachers and principals do not fall within the category of " members of the teaching and supervising staff " under section 872 of the Education Law, that plaintiff and others similarly situated

acquired no rights of tenure to the positions in question, and that accordingly an injunction *pendente lite* should not be granted.

From the above recital of undisputed facts it is clear that the board of education purported to grant permanent tenure to this plaintiff as principal of an evening high school, and the issue before the court is an issue of law, namely, whether the board had power to grant such permanent tenure. It if did, it may not remove plaintiff from such position and appoint another in his place except for cause after a hearing by the affirmative vote of a majority of the board pursuant to the Education Law, section 872.

The powers and duties of the board of education as specifically defined in section 868 of the Education Law are, so far as relevant, as follows:

" § 868. Powers and duties of board of education. Subject to the provisions of this chapter, the board of education in a city shall have the power and it shall be its duty  *  *  *

" 5. To establish and maintain such free elementary schools, high schools, training schools, vocational and industrial schools, kindergartens, technical schools, *night schools,* part-time or continuation schools, vacation schools, schools for adults, open air schools, schools for the mentally and physically defective children or such other schools or classes as such board shall deem necessary to meet the needs and demands of the city."   (Italics mine.)

The relevant provisions of the Education Law concerning tenure, contained in section 872, passed in 1917, are as follows:

" § 872. Appointment of district or other superintendents, teachers and other employees; their salaries, et cetera. 1. District superintendents, directors, supervisors, *principals, teachers and all other members of the teaching and supervising staff,* except associate superintendents and examiners, *authorized by section eight hundred and sixty-eight of this article,* shall be appointed by the board of education, upon the recommendation of the superintendent of schools, but in a city having a board of superintendents on the recommendation of such board, for a probationary period of not less than one year and not to exceed three years; such period to be fixed by the board of education in its discretion. The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, and in a city having a board of superintendents on the recommendation of such board, by a majority vote of the board of education.  *  *  *

" 3. At the expiration of the probationary term of a person appointed for such term, the superintendent of schools, and, in a

city having a board of superintendents, such board shall make a written report to the board of education recommending for permanent appointment those persons who have been found competent, efficient and satisfactory. *Such persons and all others employed in the teaching, examining or supervising service of the schools of a city, who have served the full probationary period,* or have rendered satisfactorily an equivalent period of service prior to the time this act goes into effect *shall hold their respective positions during good behavior and efficient and competent service, and shall not be removable except for cause after a hearing* by the affirmative vote of a majority of the board." (Italics mine.)

As above indicated, it is not disputed that the board of education subsequent to the enactment of this law, and between 1921 and 1933, granted tenure to evening high school teachers and principals, first appointing them for a probationary period of three years as in day schools and, at the close of such probationary period, granting permanent tenure. Nor can it be seriously disputed that this was done by a procedure identical in form and substance to that employed in the case of principals and teachers in day schools.

In 1933 the Legislature passed section 868-a of the Education Law regulating the holding of multiple positions (Laws of 1933, chap. 726). That statute declared a temporary emergency to exist with regard to unemployment requiring the enactment of the provisions of the act and their application " until the Legislature shall find their further operation unnecessary." Section 868-a defines a " regular employee " as an employee serving on an annual salary who must become a member of the retirement association. Night school teachers, it appears, do not receive annual salaries but are paid only for services actually rendered and are not required to become members of the teachers retirement association; hence they are, within the definition of the 1933 statute, " non-regular employees." However, section 4 reads as follows: " § 4. This act shall not be deemed in any wise to increase, decrease, or vacate the tenure rights, if any, which now exist in respect to any such position of such non-regular employee; " and, therefore, expressly protects any tenure rights that " non-regular employees " may have had.

Defendant contends that night high school teachers serve on a period basis; that some of such teachers serve only one period a night and some serve only one period a week. Whatever would be the relevancy of these facts on an issue as to permanent tenure raised by a night school teacher who served only one or two periods or only a part of the entire night school term, such facts have no relevancy on the issues here presented for adjudication, as it is not contested that plaintiff as principal of the evening high school in

question served continuously as such throughout the entire night high school terms in each of the years after July, 1925, to June, 1936.

*Morris* v. *Board of Education* (54 Misc. 605; affd., 124 App. Div. 921), relied on by defendant, is not controlling. That case was decided in June, 1907, before the enactment of sections 868 and 872 of the Education Law, and the issue there was the right and power of the board of education to reduce the salaries of night school teachers; no question of permenent tenure was presented or considered. Not salary, but permanent tenure of the position of a night high school principal under the statutes enacted in 1917, is the sole issue before this court.

Under the above quoted provisions of the Education Law and on the undisputed facts before us, we reach the conclusion that defendant's contentions as to this plaintiff are without merit and hold that the board of education had the power to grant permanent tenure to this plaintiff as principal of an evening high school; that it unquestionably did pursuant to law grant him such permanent tenure, and having made such permanent appointment, the board could not remove plaintiff during good behavior and competent service, and while the board maintained the evening high schools, by any resolution except in accordance with the provisions of section 872, namely, for cause after a hearing, by the affirmative vote of a majority of the board; and that accordingly the resolution of June 10, 1936, in so far as it purported to abolish plaintiff's permanent tenure as principal of an evening high school, refuse him appointment in September, 1936, and appoint another to his position, solely because he also held a position as principal of a day high school, is unauthorized by law.

The order denying plaintiff's motion for a preliminary injunction should be reversed, with twenty dollars costs and disbursements, and the motion granted to the extent of enjoining the defendant from recommending or making appointment to plaintiff's position as principal of a New York evening high school; and further directing defendant to reinstate plaintiff to his position as principal of an evening high school. Bond, $250.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted to the extent indicated in the opinion. Settle order on notice.