MAZZINI S. LAPOLLA, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, June 30, 1939.

*A. Spencer Feld,* for the plaintiff.

*William C. Chanler, Corporation Counsel [Nicholas Bucci* of counsel], for the defendant.

COLLINS, J. The plaintiff seeks a declaratory judgment invalidating the " Dual Job Law," which, in effect, prohibits a a teacher in the New York city public schools from occupying or retaining more than one position under the board of education. (Education Law, § 872, subd. 7, added by Laws of 1939, chap. 771.) The plaintiff's contention is that the law is unconstitutional. A temporary injunction restraining the enforcement of the law is requested. And the parties have stipulated that it may be deemed that a motion for judgment on the pleadings has been made.

The issue here is one of law, not of policy; one of power, not of the wisdom in the exercise of the power. The policy has been expressed by the Legislature through this law, and with its wisdom or economics the court on these motions cannot concern itself. Conceivably, the law will operate harshly on many individuals. There is force to the appeal of the Teachers Union that present occupants be exempted from the sweep of the law. Unfortunately, however, the Legislature has limited the court's power to inquire into the plea. The law is presumed to be constitutional; unconstitutionality cannot be declared unless the reasons therefor appear clear and compelling.

Of the approximately 38,000 teachers employed under the board of education, about 1,200 hold more than one teaching position, some of them holding as many as four. The plaintiff teaches both in day high school and evening high school. Yet some 5,000 teachers on eligible lists are awaiting appointment. The objective of the challenged law is to spread employment.

It is the plaintiff's contention that sections 868 and 872 of the Education Law invest him with tenure rights which the assailed law does not and cannot divest. To this theory I am unable to subscribe. If the Legislature can create a tenure it can abridge or destroy it, unless, of course, the Constitution forbids.

Under subdivision 2 of section 868 of the Education Law the board of education is empowered " To create, abolish, maintain and consolidate such positions, divisions, boards or bureaus as, in its judgment, may be necessary for the proper and efficient administration of its work."

That the board of education may abolish positions at any time is settled. (*Matter of Daley,* 49 State Dept. Rep. 201; *Matter of Oldenburg,* 43 id. 117; *People ex rel. Kaufman* v. *Board of Education,* 166 App. Div. 58; *Matter of Cusack* v. *Board of Education,* 174 N. Y. 136.)

In *Matter of Edkins* v. *Wotherspoon* (173 App. Div. 330, 332) it was appositely said: " Every public official has an inherent right, and a right under Civil Service Law (§ 22), to abolish positions for reasons of economy. Indeed, it may be said to be the duty of an official, who discovers that more persons are employed in his department to do the work than are needed, to abolish all the superfluous positions. Therefore, in this instance, the Superintendent of Public Works exercised a right and performed a duty authorized by statute and by conscience — a right too frequently neglected."

The authorities strongly oppose the plaintiff's position that he has a vested right to the position he holds. In *Matter of O'Connor*

v. *Emerson* (196 App. Div. 807, 812, 813) it was announced: " There is no vested right in the position of principal or teacher or the emoluments thereof, except as the same may be given in a limited way by some express statute. (*People ex rel. Peixotto* v. *Board of Education*, 212 N. Y. 463, 466.) "

A like holding appears in *People ex rel. Peixotto* v. *Board of Education* (212 N. Y. 463, 466), where it was observed: " The Legislature could have provided that the relator might be dismissed for no cause whatever. She had no vested right in the position of teacher."

And in *People ex rel. Perrine* v. *Connolly* (217 N. Y. 570, 576) it was stated: " The Civil Service Law does not create vested rights, prescribed by the Constitution against legislative interference, in those who obtain positions under it."

The law in suit does no violence to the plaintiff's contractual rights. (*Phelps* v. *Board of Education of West New York*, 300 U. S. 319; *Dodge* v. *Board of Education of Chicago*, 302 id. 74; *Cox* v. *McElligott*, 276 N. Y. 604; *Roddy* v. *Valentine*, 268 id. 228.)

In *Dodge* v. *Board of Education* (*supra*) the court, by Mr. Justice ROBERTS, stated: " In determining whether a law tenders a contract to a citizen it is of first importance to examine the language of the statute. If it provides for the execution of a written contract on behalf of the State the case for an obligation binding upon the State is clear. Equally clear is the case where a statute confirms a settlement of disputed rights and defines its terms. On the other hand, an act merely fixing salaries of officers creates no contract in their favor and the compensation named may be altered at the will of the Legislature. This is true also of an act fixing the term or tenure of a public officer or an employee of a State agency. The presumption is that such a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the Legislature shall ordain otherwise. He who asserts the creation of a contract with the State in such a case has the burden of overcoming the presumption."

Inasmuch as the law applies to all persons of a class, it is not discriminatory. (*Matter of Gianatasio* v. *Kaplan*, 142 Misc. 611; affd., 257 N. Y. 531; appeal dismissed, 284 U. S. 595; *People ex rel. Williams Engineering & Cont. Co.* v. *Metz*, 193 N. Y. 148.) Nor does the law transgress or affect that provision of the Constitution which prescribes merit and fitness as the standard for appointment to the civil service.

*Hughes* v. *Board of Education* (249 App. Div. 158) and *Matter of Cohen* v. *Board of Education* (163 Misc. 638) are not applicable here, because the actions in question there were by the board of education. Here it is a legislative act which is assailed.

Thus it is seen that the plaintiff has not made out a case for relief. His motion is denied. Judgment on the pleadings is granted to defendant dismissing the complaint. The clerk is directed to enter judgment accordingly.

The court relies on the assurance of the corporation counsel that the board will accept conditional resignations, containing a proviso that such resignations shall be deemed void and of no effect if the act in question is finally declared to be unconstitutional and void.