In the Matter of the Application of FRANK G. ORMSBY, Respondent and Appellant, for a Writ of Mandamus against GEORGE H. BELL, as Commissioner of Licenses of the City of New York, Appellant and Respondent.

Mandamus — New York (city of) — refusal by commissioner of licenses to issue license to a motion picture theatre on ground that it was within a prohibited distance of an establishment permitted to carry a large amount of gasoline — when mandamus will not lie to compel the commissioner to issue such license.

1. Under the Code of Ordinances of the city of New York, motion picture theatres must have a license issued by the commissioner of licenses, and unless there is some error of law in his proceedings or his refusal to grant a license is capricious, arbitrary and unreasonable, his judgment is final, and a mandamus will not lie to compel him to grant an application to operate such a theatre.

2. The lessee of a newly-erected motion picture theatre in the city of New York applied for a renewal of a license to operate the theatre. The commissioner of licenses, as required by the Code of Ordinances, referred the matter to the fire department, which, after investigation, reported adversely to granting a license, because there was on the adjoining lot, and within ten feet of the theatre, a dry cleaning establishment with a permit to carry 700 gallons of gasoline. The Code of Ordinances provides that no permit shall be issued to such an establishment in which the compartment wherein any " volatile inflammable oil is used is situated within fifty feet of the nearest wall of any building occupied as a * * * theatre or other place of public amusement." The lot adjoining petitioner's theatre had been occupied and used for a dry cleaning establishment for several years before the erection of the theatre and its license had been annually renewed and was to be renewed as soon as some alterations were completed. Upon receiving the report of the fire department the commissioner of licenses denied the petitioner's application. *Held*, that no legal error is shown in the proceedings of the commissioner, and that his refusal to issue a license for the theatre is fully justified by the conditions existing; therefore, a writ of mandamus will not lie to compel him to grant the application.

*Matter of Ormsby* v. *Bell*, 171 App. Div. 657, reversed.

(Argued April 13, 1916; decided May 9, 1916.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1916, which modified and affirmed as modified an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendant to renew a license permitting the petitioner to operate a motion picture theatre.

*Arleigh Pelham* and *Martin W. Littleton* for petitioner, respondent and appellant. The commissioner of licenses could not unreasonably refuse to renew the petitioner's license. (*People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. E. C. T. Club* v. *S. R. Comm.,* 190 N. Y. 31.) The commissioner's refusal was unreasonable, and the petitioner is entitled to a writ directing the issuance of the license. (*People ex rel. Del Mar* v. *St. L. & S. F. Ry. Co.,* 47 Hun, 543; *People ex rel. E. C. T. Club* v. *S. R. Comm.,* 190 N. Y. 31; *People ex rel. Cosby* v. *Robinson,* 141 App. Div. 656.)

*Lamar Hardy, Corporation Counsel* (*Frank Julian Pierce* and *Thomas F. Magner* of counsel), for defendant, appellant and respondent. The power of the commissioner of licenses to refuse to renew the license in question is discretionary. (*People ex rel. Morse* v. *Mayor, etc.,* 9 Wkly. L. B. 141; *Mayor, etc.,* v. *Eden Musee Co.,* 102 N. Y. 593; *Redlich* v. *Mayor, etc.,* 126 App. Div. 933; *Matter of Armstrong* v. *Murphy,* 65 App. Div. 123; *People ex rel. Cumisky* v. *Wurster,* 14 App. Div. 556; *McKenzie* v. *McClellan,* 62 Misc. Rep. 342; *People ex rel. Moses* v. *Gaynor,* 77 Misc. Rep. 576.) The refusal of the respondent to renew the said license is not an abuse of discretion but is in the exercise of sound discretion and judgment. (*People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. Cumisky* v. *Wurster,* 14 App. Div. 556; *Fox Am. Co.* v. *McClellan,* 62 Misc. Rep. 103.)

CUDDEBACK, J. This is an application for a peremptory writ of mandamus to require the commissioner of licenses of the city of New York to grant to the petitioner a license to operate a motion picture theatre. The court at Special Term made an order granting the writ, which the Appellate Division affirmed, with some modification.

Before erecting the building for the purpose of a theatre the owner secured the approval of the site thereof by the bureau of licenses as an appropriate place for a motion picture theatre. That was in January, 1914. The plaintiff proceeded with the erection of the building and completed it in November, 1914. His lessee then procured from the bureau of licenses a license to operate the theatre for the remainder of the license year which expired on June 30, 1915. The application here under review, and which was refused, was for a renewal of the license on that date.

The Code of Ordinances of the city of New York pro vides as follows:

"Section 305. The following businesses must be duly licensed as herein provided, namely * * * motion picture theatres.

"Section 33. * * * Upon the application for the issue or re-issue of a license for a motion picture theatre, or an open air motion picture theatre, the commissioner shall request the fire department, the department of water supply, gas and electricity, the department of health and the bureau of buildings of the Borough in which such theatre is located, to inspect the same, and the said departments and the appropriate bureau of buildings shall within ten days after receiving such requests file in the department of licenses detailed written reports which shall include a statement of any violation of law, ordinance, rule or regulation relating to such structure and any dangerous condition existing therein."

The application of the petitioner was referred to the fire department as provided in this ordinance and the fire

department reported adversely thereon, for the reason that there was a dry cleaning and dry dyeing establishment on the adjoining lot and within ten feet of the theatre with a permit to carry 700 gallons of benzine.

The Code of Ordinances of the city provides with regard to dry cleaning and dry dyeing establishments as follows.

"Section 175. No person shall maintain or operate a dry cleaning or dry dyeing establishment without a permit (from the fire commissioner).

"Section 176. No permit to maintain and operate a dry cleaning or dry dyeing establishment shall be issued for any building:

"(a) In which the compartment wherein the volatile inflammable oil is used is situated within 50 feet of the nearest wall of any building occupied as a school, hospital, theatre, or other place of public amusement or assemby," etc.

The lot adjoining the petitioner's theatre had been used and occupied for a dry cleaning and dry dyeing establishment for eight years before the application for the theatre license was made, and a permit for the establishment had been issued annually by the fire commissioner. In June, 1915, an application for a renewal of the permit for the dry cleaning and dry dyeing establishment was made and the fire commissioner required that certain alterations be made therein before granting the permit. The affidavit of the commissioner was to the effect that upon the completion of the alterations referred to, he intended to renew the permit for carrying on such dry cleaning and dry dyeing business. His affidavit further showed that in February, 1914, when the erection of the theatre had begun, he informed the owner thereof that he objected to a license for a motion picture theatre upon the ground that there was a dry cleaning and dry dyeing establishment next door, but the owner of the theatre proceeded with the erection of the building notwithstanding the objection.

Upon receiving the report of the fire commissioner disapproving the petitioner's application for a moving picture license, the commissioner of licenses denied the application. It seems to me clear that his denial thereof was fully justified by the conditions existing, and that the charge contained in the moving papers in this proceeding, that the denial was unreasonable, is not sustained.

If the proposition of the relator had been to use his premises for some purpose that did not require a license, the result might be different, but a theatre in New York city requires a license. (*Mayor, etc., of N. Y.* v. *Eden Musée Am. Co.*, 102 N. Y. 593.) Hence the case came within the jurisdiction of the commissioner of licenses. The law made him the judge, and the rule is that unless there was some error of law in his proceedings, his judgment was final. A "mandamus will not lie to compel the performance of a power the exercise of which lies in the discretion of the officer against whom the writ is sought," unless the action of the officer is capricious, arbitrary or unreasonable. (*People ex rel. Empire City Trotting Club* v. *State Racing Comn.*, 190 N. Y. 31, 33.) No legal error is shown in the proceedings of the commissioner of licenses in this case and his conclusion seems to be entirely justified. The mere statement of the fact that the theatre was within ten feet of a tank containing 700 gallons of benzine, shows that the denial of the application was proper. This was a condition which the commissioner of licenses did not create, and which he could not change, and it controlled his decision. The dry cleaning and dry dyeing establishment was lawful, but if it were not, its bare existence on the lot adjoining the theatre showed a dangerous condition. If the benzine exploded and injured any people in the theatre, it would make little difference to those injured whether the benzine was lawfully kept or not.

The Appellate Division modified the order of the Special Term by requiring the commissioner of licenses

to pass upon the application of the petitioner "without regard to the circumstance that there was or is a dye house, dry cleaning or dry dyeing establishment on the adjacent land which as an incident to the business of such establishment involved or involves the storage of inflammables." This modification was erroneous, because the commissioner should consider what the property adjoining the theatre was used for, and if he learned that there were any dangerous conditions there, he could properly refuse the license for a theatre. The investigation of the commissioner should include the building with its appurtenances wherein the theatre was to be established and in addition the neighborhood and the character of the adjoining structures, and the business there carried on.

The result of denying a license may bear hard on the owner of the theatre, but the opposite conclusion would bear equally hard on the owners of the dry cleaning establishment. The local licensing officers can deal better with the situation than the courts, and the matter should be left to them.

I recommend that the order of the Appellate Division and of the Special Term be reversed, without costs in this court to either party, and that the application for a writ of mandamus be denied.

WILLARD BARTLETT, Ch. J., COLLIN, HOGAN, SEABURY and POUND, JJ., concur; HISCOCK, J., dissents.

Ordered accordingly.