People of the State of New York ex rel. The Fiberloid Corporation, Relator, *v.* William E. Walsh and Others, Constituting the Board of Appeals of the City of New York, Respondents.

Supreme Court, New York Special Term, Oct. 1922 (Received November, 1922).

**New York city — storage of nitro-cellulose products — approval of place by fire commissioner — a direction that vaults be constructed is reasonable — certiorari dismissed — Code of Ordinances, chapter 10, section 232.**

Under section 232 of chapter 10 of the Code of Ordinances of the city of New York, approved May 25, 1915, which provides *inter alia* that "all nitro-cellulose products * * * shall be kept stored in a fireproof room or compartment constructed in accordance with plans submitted to and approved by the fire commissioner," he has ample power and authority to use his discretion before

issuing a permit to store " fiberloid," a nitro-cellulose product, and in the exercise of such discretion he may require as a prerequisite to his approval to an application for the renewal of such a permit, that the applicant provide a sufficient number of fireproof vaults in which to keep all nitro-cellulose products intended for further manufacture, said vaults to be located. constructed, ventilated and equipped in accordance with plans to be filed with and approved by the fire department.

Where it appears that the requirement, as to vaults, contained in a reply letter from the fire commissioner to relator's application for a renewal of their permit might be met by a subdivision of the existing room or compartment which was built according to the plans and specifications approved by said commissioner into smaller rooms or compartments by the erection of suitable walls, a motion to dismiss a writ of certiorari and to confirm the determination of the board of appeals relative to the application of relator for a renewal permit to store " fiberloid " will be granted, with fifty dollars costs

MOTION for a final order dismissing the writ of certiorari issued herein and for an order confirming the determination of the respondents, who constitute the board of appeals of the city of New York, relative to the relator's application to the fire commissioner of the city of New York for a permit to store a nitro-cellulose product.

*Brodek & Raphael* (*Alexander C. MacNulty,* of counsel), for relator.

*John P. O'Brien,* corporation counsel (*William T. Kennedy,* of counsel), for respondents.

GIEGERICH, J.  The motion is for a final order dismissing the writ of certiorari issued herein and confirming the determination of the respondents, who constitute the board of appeals of the city of New York, relative to the relator's application to the fire commissioner for a permit to store " fiberloid," a nitro-cellulose product, in the premises Nos. 53 and 55 Fifth avenue, borough of Manhattan, city of New York.  The relator, which is engaged in the manufacture of the said " fiberloid," maintains a stock of the said product at the above address for distribution to the trade in a room or compartment especially constructed for that purpose, which is separated from the rest of the loft occupied by the relator in said premises by hollow tile partitions and protected with an automatic sprinkler system.  The various items or shapes of " fiberloid " are kept either in steel drawers or in steel shelves with self-closing steel doors within the said room or compartment.  It is stipulated on the record by counsel for the respective parties that the relator was granted permits by the fire commissioner of the city of New York for the storage of 25,000 pounds of nitro-cellulose products in the above-mentioned premises for the years 1915 to September 23, 1921, inclusive.  It appears that the room or compartment in which the " fiberloid " is stored

was built according to plans and specifications approved by the fire commissioner and that the permits issued since 1915 to the relator were granted under the provisions of subdivision 3 of section 232 of chapter 10 of the Code of Ordinances of the city of New York, approved May 25, 1915. The said ordinance has been continued to date without change and provides, so far as is pertinent here, that " all nitro-cellulose products * * * shall be kept stored in a fireproof room or compartment constructed in accordance with plans submitted to and approved by the fire commissioner * * *." The relator made application in September, 1921, for a renewal of its permit to store " fiberloid " in the above-mentioned premises, and under date of March 21, 1922, the deputy fire commissioner wrote the relator " that the following requirements must be met before your application for permit to keep nitro-cellulose products can be approved: 1. Provide a sufficient number of fireproof vaults in which to keep all nitro-cellulose products intended for further manufacture. Said vaults to be located, constructed, ventilated and equipped in accordance with plans to be filed with and approved by fire department." The relator contends that the fire commissioner has no authority to impose any such requirement as a condition to the granting of a permit. In support of such contention the argument is advanced that the ordinance in question calls for a room or compartment and that the fire commissioner's demand for anything other than what the relator claims is called for by the ordinance is an attempted usurpation on his part of the law-making function of the board of aldermen. It is pointed out by the relator that the conditions surrounding the storage of the " fiberloid " are now identical with those that obtained during the years that permits were granted for its storage, and that even if there is a necessity for more drastic regulation the ordinance does not authorize the fire commissioner to impose the requirements set forth in the letter written to the relator. In short, the relator's theory is that, even granting that conditions warrant the imposition of more drastic regulations, the ordinance itself is defective in not providing them, and hence the fire commissioner has no authority to supply the alleged defects in the ordinance by imposing regulations not called for therein, since the power to amend it is exclusively in the board of aldermen. The respondents, on the other hand, disclaim any intention on their part to supply any alleged defect or deficiency in the law, they recognizing that this is a function of the legislature or board of aldermen, and they urge that under section 232 of the Code of Ordinances the fire commissioner has ample power and authority to use his discretion before issuing a permit. I can find nothing

in the said ordinance which will preclude the fire commissioner from insisting on new requirements, not inconsistent with the terms of the ordinance, as a prerequisite to the renewal of the permit, when riper experience and added knowledge suggest new safeguards for the protection of the public. *Matter of Ormsby* v. *Bell*, 218 N. Y. 212. The fire commissioner has, therefore, the undoubted right to require the submission of the plans called for by him in order to determine whether a permit should be issued. If the fire commissioner should in the consideration of said plans make any unreasonable requirements, that question would, as pointed out by the respondents, form a subject for further litigation. It appears from the record of proceedings had before the respondents that the requirement as to vaults contained in the letter of the fire commissioner might be met by a subdivision of the existing room or compartment into smaller rooms or compartments by the erection of suitable walls. Such a requirement would seem to be clearly within the terms of the ordinance, but that question cannot of course be determined until the plans above mentioned have been filed with and acted upon by the fire department. As I read the requirement objected to, nothing is contained therein which warrants the construction which the relator seeks to place upon it, namely, that the prerequisite to the granting of a permit is the construction by it of a number of widely scattered vaults. I have carefully examined the cases cited in the very able briefs submitted by the relator's counsel, but they do not sustain the position contended for. The motion to dismiss the writ of certiorari and to confirm the determination of the respondents should, therefore, be granted, with fifty dollars costs. Settle order on notice.

Ordered accordingly.