In the Matter of WEST HOOKER, as a Resident of Fire District No. 1 and as President of the Westchester Chapter of the Nationalist Party, Petitioner, against CHARLES CONTE, as Fire Chief of the Town of Mamaroneck, et al., Respondents.

Supreme Court, Special Term, Westchester County, July 14, 1955.

*Vladeck & Elias* for petitioner.

*John L. Delius* for respondents.

EAGER, J. This is an article 78 proceeding seeking an order directing the issuance of a permit to the petitioner for the use of a firehouse auditorium for the purpose of holding a public meeting. The auditorium sought to be used is a part of the Weaver Street Fire House which is situated within Fire District No. 1 of the Town of Mamaroneck, Westchester County, New York. Said fire district was established by special act of the Legislature in 1939, comprising all of the territory of said town outside of the incorporated villages of Larchmont and Mamaroneck. (See L. 1939, ch. 82.) Further, by virtue of special act in 1939, the town board of said town possesses and

exercises in said district all the powers conferred upon fire district commissioners by the Town Law. (See L. 1939, ch. 363.) There also exists in the town a fire department council to administer to the affairs of the fire department, and, subject to the approval of the town board, to have the care, custody and control of the property of the district. (See L. 1936, ch. 821.)

The use of the auditorium and council room of the said Weaver Street Fire House is governed by duly adopted rules and regulations. Among other things, it is therein provided that such premises are " 1. Limited to the use of residents and non-profit organizations of Fire District No. 1 for social and recreational purposes."

It appears that the petitioner, an individual, as president of the Westchester chapter of the Nationalist party, on December 8, 1954, made and filed a written application for use of the said auditorium. The petitioner is a resident of Fire District No. 1, and the Westchester chapter has its principal office within the district. The application for the permit was upon a blank form furnished by the respondents for the purpose, and in effect stated that the petitioner applied for use of the auditorium commencing 8:00 P.M. on January 21, 1955, for use by the U. S. Nationalist party organization for the holding of a meeting to be " educational for public interest." It further appears that the application was considered at a regular meeting of the fire department council held on January 7, 1955, and rejected. It is admitted that the respondents did refuse to issue a permit for the use of the auditorium by the petitioner for January 21, 1955, and do refuse to issue a permit to the petitioner for any other date under his said application in behalf of the Nationalist party.

This article 78 proceeding is brought against the town board of the town, the fire council of the town, and the fire chief and deputy fire chief of the town. The relief sought is an order in the nature of a mandamus order directing the respondents to issue a permit to the petitioner as president of the Westchester chapter of the Nationalist party for use of the firehouse auditorium. There is before the court a motion pursuant to section 1293 of the Civil Practice Act to dismiss the petition for insufficiency as a matter of law. Furthermore, the respondents have duly answered and made their return, and the matter is also before this court as of the return day. Thus, if it appears that there is no material issue of fact requiring a trial, the court should summarily dispose of the proceeding. (Civ. Prac. Act, § 1295; *Matter of Doherty* v.

*McElligott,* 258 App. Div. 257.) At this point of the proceeding, therefore, it is proper for the court, in the first instance, to assume the truth of the allegations of the petition and of the uncontroverted new matter and transcript presented by the answer, and, upon such basis, determine whether or not, as a matter of law, the petitioner is entitled to the relief sought.

In determining whether or not the petitioner has a case for any relief, it is, first of all, to be borne in mind that the court will not interfere with administrative discretion legally exercised. A court may not review and countermand the action of a public board or officer in a matter involving the exercise of judgment or discretion, that is, provided the board or officer proceeded honestly in accordance with the law and did not act arbitrarily. (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212, 216; *People ex rel. Peixotto* v. *Board of Educ.,* 212 N. Y. 463, 466; *Matter of Stanton* v. *Board of Educ.,* 190 Misc. 1012, 1016.)

It is clear, therefore, that the question first to be resolved is whether or not the granting of a permit to the petitioner for use of the firehouse auditorium is a discretionary matter. In this connection, we have noted that by special act of the Legislature, the fire department council of the town has supervision of the equipment and property of the district. Furthermore, subdivision 19 of section 176 of the Town Law provides that the commissioners of a fire district " Shall have the exclusive management and control of the property of the fire district ". Thus, by statute, the matter of the control and use of the firehouse premises of said district No. 1 is primarily vested in the town board, inasmuch as in this particular district, said board possesses and exercises all of the powers of district commissioners. The powers of the board in this respect have been delegated to the fire department council, subject, however, to approval by the board.

By virtue of the aforesaid provisions of subdivision 19 of section 176 of the Town Law, vesting exclusive management and control of fire district property in the commissioners, it is clear that, as a general proposition, no person, other than fire district or fire company personnel for district or company purposes, may use firehouse premises or a portion thereof, except upon permission of the fire district commissioners. And the very fact that permission would be required to enable a person to have the use of the premises, by necessary implication, confers the power upon the commissioners to refuse permission in a particular case where they deem that the refusal

is proper in the interests of the district. It is held that "A power to grant a privilege to one is inconsistent with the possession on the part of another of an absolute right to exercise such privilege. The requirement that a person must secure leave from some one to entitle him to exercise a right, carries with it, by natural implication, a discretion on the part of the other to refuse to grant it, if, in his judgment, it is improper or unwise to give the required consent." (*People ex rel. Schwab* v. *Grant*, 126 N. Y. 473, 481.) Therefore, on reason and on authority, it is clear that the granting of a permit for use of this particular firehouse auditorium is discretionary with the fire department council, subject to the approval of the town board.

Having concluded that the issuance of a permit was a discretionary matter, the ultimate question, determination of which may be decisive of this proceeding, is, did the respondents under the particular circumstances have the right as a matter of discretion to withhold from the petitioner the use of the auditorium. In this connection, it is necessary that the court pass upon the contentions of the petitioner (1) that the action of the respondents operated to deprive him of his constitutional rights, and, (2) that, in any event, their refusal to grant the permit was an arbitrary and capricious act rather than the result of the exercise of honest discretion.

The petitioner bases his constitutional contentions upon the freedom of speech and of assembly and the equal protection clauses of the State and Federal Constitutions. (See U. S. Const., 1st, 14th Amendts., and N. Y. Const., art. I, §§ 8, 9, 11.) His claim is, *first,* that the firehouse premises are public property and therefore accessible for public speech and assembly, and that the action of the respondents in refusing him permission to hold a public meeting there in behalf of the Nationalist party operates to infringe upon his said civil rights guaranteed by the constitutions. This contention, however, is readily overruled because firehouse premises are primarily dedicated to fire district purposes, and are not open to the public generally. The fire district commissioners (here the fire council and town board) have the right to withhold fire district premises altogether from public use. Having the authority to withhold altogether the use of fire district premises for purposes other than fire district uses, they have the undoubted right, if they act fairly, to limit the use thereof to certain public purposes, or to regulate the time, place and manner of use for purposes unrelated to fire protection.

While there are constitutional rights of free speech and freedom of assembly, there is no constitutional privilege to exercise these rights in a firehouse auditorium. There is no constitutional obligation to let the premises out to the petitioner. The action of the respondents in refusing a permit to the petitioner was not directed against the right of free speech or the right of freedom of assembly, but was concerned solely with the use of a portion of premises entrusted to their exclusive control.

The cases cited by the petitioner to support his constitutional argument all involve public streets and parks which are open to the public generally, and not limited as to their control by statute as is the case here. In any event, these cases are distinguishable because streets and parks are deemed held in trust for use of the public and, time out of mind, have been used for the purposes of speechmaking and assembly. (See, *Hague* v. *C.I.O.*, 307 U. S. 496, 515.) This is not so, with firehouse premises.

The petitioner's claim that the acts of the respondents are in derogation of the equal protection clauses of the constitutions may seem, at first glance, to have some merit. It is clear that administrative action should operate indiscriminately. Arbitrary discrimination by district commissioners in the matter of letting out of the use of a firehouse hall or auditorium would not be tolerated. But it is to be borne in mind that " [t]he essence of the right to equal protection of the laws is that all persons similarly situated be treated alike." (*Myer* v. *Myer*, 271 App. Div. 465, 472, affd. 296 N. Y. 979, citing *Frost* v. *Corporation Comm.*, 278 U. S. 515, 522, and *Atchison, Topeka & S. F. R.R. Co.* v. *Matthews,* 174 U. S. 96.) In this connection, the allegations of the petitioner are merely to the effect that the firehouse auditorium " was available for use to persons and non-profit organizations residing in Fire District #1 " and that he and the Westchester chapter of the Nationalist party reside in the district. It further appears, however, that the use of the auditorium is limited by duly adopted rules for use by resident persons and organizations " for social and recreational purposes ", whereas the application by the petitioner as president of the said chapter of the Nationalist party was for the use of the premises to hold a meeting to be " educational for public interest." Nowhere does it appear that the respondents have permitted the use of the auditorium under comparable circumstances by other persons and organizations similarly situated as the petitioner and his organization to hold public meetings for educational or other purposes. There

was some concession by counsel for the respondents on the argument that the auditorium had in the past been used by other political parties, but the circumstances of such use were not gone into, and, in any event, this proceeding must be decided on the record before the court. In fact, it would seem that the petitioner is not in a position to contend that he has been discriminated against in that other similarly situated persons and organizations have been permitted to use the auditorium under comparable circumstances. This is so, because his application to the authorities for the use of the building is rather indefinite and vague and the petitioner did not avail himself of the opportunity to appear before the meeting of the fire council at which the application was considered and there make it clear how the auditorium would be used.

Finally, the contention of the petitioner that the respondents have exercised their discretionary powers in an arbitrary and capricious manner is overruled. The court readily rejects the argument of the petitioner that the refusal by the respondents of the particular permit is prima facie unreasonable because a previous application by him for a permit had been approved. It in fact appears by the answer herein and not denied that several prior applications had been made for the use of the auditorium by the petitioner in behalf of various other organizations in which he was interested, and that all of them were turned down, excepting only one. The particular one which was granted had been filed on behalf of " Dynamic Christianism ", and the petitioner was given a date for use of the auditorium pursuant to such application. However, he did not avail himself of the permission, claiming that the date set was inconvenient. Thereupon, he made an independent application which is the basis of this proceeding. Such application was an entirely new application in behalf of a different organization, and the respondents had the right to judge it anew. The fact that the petitioner made a new application is an indication that he understood that he was not entitled to the use of the premises sought as a matter of right and that the application was to be considered anew. (See, *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473, *supra.*) In the opinion of the court, the action of the respondents with respect to prior applications of the petitioner supports their claim that the matter of letting out the use of the auditorium was in each particular case a discretionary matter, and does not establish that they were arbitrary in turning down the particular application which is the basis of this proceeding.

The court concludes that the petition herein is to be dismissed. It is a salutary rule that an order in the nature of a mandamus order to compel action by public officials should not be granted in the absence of a showing of a clear legal right to the relief sought. (*People ex rel. Schwab* v. *Grant, supra*, p. 482; *Matter of Fahey* v. *Wright*, 256 App. Div. 474; *Roy* v. *Board of Educ.*, 106 N. Y. S. 2d 451.) Certainly, the petitioner here makes no such showing. In fact, it does not appear that the petitioner can present any valid reason whatever to justify the court in overruling the refusal of the respondents to grant this particular application for a permit.

No costs. Submit order on notice.