Chables J. Beckinella, J.
In this article 78 proceeding petitioner seeks an order annulling the determination of the respondents, the commissioner of licenses of the City of New York, the deputy commissioner, and the department of licenses of the City of New York, in denying the petitioner’s application for a second-hand dealer’s license to conduct a used car lot.
The petition charges that the respondents’ action in denying him such license ‘ ‘ was arbitrary, unreasonable, discriminatory, capricious and in violation of his legal constitutional rights.” The respondents by their answer and return herein deny the charge and interpose two separate and complete defenses, alleging in substance, that the denial of the application was a. lawful, reasonable and proper means of protecting the public safety, morals and welfare and that such action was a reasonable exercise of respondents’ discretion necessarily taken in the interest and preservation of the public safety, morals and welfare.
It is plainly apparent from the uncontroverted facts that close association of the petitioner with the premises herein sought to be licensed and with the persons heretofore in control thereof, the present close proximity to the former licensee thereof, coupled with the facts that the petitioner had failed to answer fully a pertinent question in his application and, while the instant application was pending, was found by the respondent, deputy commissioner, to be unlawfully using the said premises as a parking lot without a license, all contributed in influencing the commissioner to deny the application.
The said premises had been licensed to a corporation under the name of its president as a used car lot from 1947 to October 24, 1955, when the license was suspended on various complaints and charges relating to missing records and other violations of law. In 1956 the brother of the corporation’s president made two unsuccessful applications for a license, both as an individual and as president of another corporation. For several years prior to and at the time the instant application was filed, petitioner admittedly operated an auto and body fender shop on the premises. Petitioner’s wife had been the treasurer of the formerly licensed corporation until 1953. The only other officer of the said corporation, its secretary, was convicted of grand larceny in 1956. The president thereof still conducts a parking lot on the lot adjoining the said prem *30 ises with no fence or other separation between the two parcels. The petitioner admitted in his application that he had been convicted of a misdemeanor in the County Court, Kings County, 15 years ago, but failed to mention an arrest in 1924; the matters involved larceny of an auto in the older case and receiving stolen tires in the later case. On January 8, 1957, the day following receipt of the application by the respondents, 26 cars were found parked on the said premises at the time under lease by the petitioner without any license therefor.
By legislative mandate, “ The commissioner shall have cognizance and control of the granting, issuing, transferring, renewing, revoking, suspending and cancelling of all licenses and permits, except in the cases with respect to which and to the extent to which any of said powers are conferred upon any other person by law, but including all licenses heretofore issued by the board of aldermen.” (New York City Charter, ch. 32, § 773, subd. a.)
The Court of Appeals, in Matter of Small v. Moss (277 N. Y. 501, 507), stated: “Whether or not an applicant has a clear legal right to a license depends, then, upon the question whether a refusal would be arbitrary or capricious ’ ’.
Also, in Matter of Ormsby v. Bell (218 N. Y. 212, 216), the Court of Appeals pertinently noted that: ‘ ‘ Hence the case came within the jurisdiction of the commissioner of licenses. The law made him the judge, and the rule is that unless there was some error of law in his proceedings, his judgment was final. A ‘ mandamus will not lie to compel the performance of a power the exercise of which lies in the discretion of the officer against whom the writ is sought, ’ unless the action of the officer is capricious, arbitrary or unreasonable. (People ex rel. Empire City Trotting Club v. State Racing Comn., 190 N. Y. 31, 33.) ”
The court will not interfere with administrative discretion legally exercised. 11 A court may not review and countermand the action of a public board or officer in a matter involving the exercise of judgment or discretion, that is, provided the board or officer proceeded honestly in accordance with the law and did not act arbitrarily. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330; Matter of Ormsby v. Bell, 218 N. Y. 212, 216; People ex rel. Peixotto v. Board of Educ., 212 N. Y. 463, 466; Matter of Stanton v. Board of Educ., 190 Misc. 1012, 1016.) ” (Matter of Hooker v. Conte, 208 Misc. 188, 191.)
One fact alone could defeat the petitioner’s application. It has been held that failure to mention additional policy convictions in an application for a barber’s license was sufficient to *31 warrant denial of a license (Matter of Arroyo v. Moss, 295 N. Y. 754).
It has also been held that ‘ ‘ The ‘ location ’ of the premises and the ‘ character ’ of the applicant are relevant factors in determining whether the grant of a license might impair the public health, safety or morals of the community.” (Matter of Small v. Moss, supra, p. 512.)
The charge contained in the moving papers has not been sustained; petitioner has failed to show that the action of the respondents was arbitrary, unreasonable or capricious in denying his application for a license. “ There is a presumption in law of the reasonableness of the act of public officials. (Matter of City of New York [Ely Ave.], 217 N. Y. 45; Hood v. Guaranty Trust Co., 270 N. Y. 17, 38; Matter of Whitman, 225 N. Y. 1, 9; Hamilton v. Erie R. R. Co., 219 N. Y. 343, 350; Matter of Ormsby v. Bell, 218 N. Y. 212.) ” (Matter of Molten v. Morton, 199 Misc. 805, 812.)
Furthermore, it is certainly clear that there are sufficient facts in the record to justify fully the respondents’ action and that, under the circumstances herein, the refusal of the respondents to issue the license can hardly be said to be arbitrary, capricious or unreasonable. “ The petitioner has, therefore, shown no clear legal right, and the Commissioner’s opinion, rather than that of the courts, must control.” (Matter of Agoglia v. Mulrooney, 259 N. Y. 462, 465.)
Petition dismissed. Submit order.